Richard **WAGNER**; et al.,
Appellants–Appellees,

v.

**CT CIMARRON LLC,** Appellee–
Appellant.

No. 07–16806.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2009.

Filed March 20, 2009.

John S. Bartlett, Law Office of John S. Bartlett, Carson City, NV, for Appellants–Appellees.

---

* This disposition is not appropriate for publication and is not precedent except as provided

Jeanette E. McPherson, Esquire, Schwartzer & McPherson Law Firm, Las Vegas, NV, for Appellee–Appellant.

Before: WALLACE, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM *

CT Cimarron LLC appeals from the judgment of the district court reversing a bankruptcy order declaring that it had a right of first refusal on certain California property ("the property"). We reverse. Because the parties are familiar with the complex factual and procedural history of this case, we will not recount it here.

### I

■ The key question on appeal is whether a right of first refusal contained in a ground lease between CT Cimarron's predecessor in interest and Richard Wagner is enforceable under California law. The ground lease provided that Wagner could not "sell or grant options with respect to or otherwise dispose of the Premises" unless he had first

(i) received a bona fide arm's length offer from an unaffiliated party for the sale or disposition, (ii) notified the Lessee in writing of the offeror's identity, address, and all the provisions of the offer, and (iii) afforded the Lessee the prior option to purchase or otherwise acquire the Premises on the same terms

by 9th Cir. R. 36–3.

and provisions as those contained in the offer.

Northern Wolverine, Inc., Richard Wagner's successor in interest, executed a quitclaim deed to the property to a bankruptcy trustee in Alaska without offering CT Cimarron the right of first refusal. The record establishes that the transfer was supported by adequate consideration.

Because Northern Wolverine, which took title to the property subject to the right of first refusal, "disposed" of the property without affording CT Cimarron the opportunity to exercise its right of first refusal, the terms of the ground lease were breached.

Wagner argues that the transfer was merely a conveyance to his children, permitted by the contract without triggering CT Cimarron's right of first refusal. However, the title to the property was owned by Northern Wolverine, not Wagner. The deed transferred the property to the trustee, not Wagner's children. The trustee was under no legal obligation to transfer the property or the proceeds from the sale of the property to Wagner's children. Most tellingly, when the trustee sought to abandon the property, Wagner asked that the property be conveyed to Northern Wolverine, not his children. Simply put, the transfer was not a conveyance to Wagner's children.

Therefore, we conclude that the right of first refusal was triggered by Northern Wolverine's conveyance to the trustee. Because CT Cimarron was not afforded the right of first refusal, the terms of the ground lease were breached.

## II

■ Although we conclude that the bankruptcy court reached the correct conclusion as to the contract breach, it erred in awarding CT Cimarron a non-merging fee interest in the property. The specific performance remedy for a breach of a right of first refusal is the restoration of CT Cimarron's right to exercise its right of first refusal. Absent CT Cimarron actually exercising its right, it was not entitled to a fee interest in the property. The bankruptcy court erred in granting title to CT Cimarron outright without following the right of first refusal procedure.

## III

■ In sum, we reverse the judgment of the district court and hold that the bankruptcy court correctly determined that the terms of the ground lease providing CT Cimarron a right of first refusal in the property were breached. We remand with instructions that CT Cimarron be afforded the right of first refusal under the procedures specified in the ground lease.

Section 9.12 of the ground lease awards attorneys' fees to the prevailing party in a dispute. Because we affirm the bankruptcy court's decision, we remand the case to the district court with instructions to remand to the bankruptcy court to calculate the attorneys' fees due to CT Cimarron. Each party shall bear its own costs on appeal.

**REVERSED and REMANDED.**